IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KARRIE BAUER, Surviving Daughter of<br>Heinrich John Bauer, deceased,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>Serve: Honorable Pamela Bondi<br>US Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 4:25-cv-1790 |

## **COMPLAINT**

COMES NOW Plaintiff Karrie Bauer, surviving spouse of Heinrich John Bauer, (deceased) by and through undersigned counsel, and for her Complaint against Defendant United States of America, states as follows:

### JURISDICTION

1. Jurisdiction is proper under 28 U.S.C. §1346(b). This claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.

2. An administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., was timely made on behalf of the veteran and served on the U.S. Department of Veteran Affairs (a copy of the administrative claim Form 95 dated April 15, 2025 is attached as Exhibit 1). The Department of Veteran Affairs acknowledged receipt of the Administrative Claim as of April 21, 2025, through correspondence dated April 25, 2025 (copy of said

correspondence is attached as Exhibit 2). On September 12, 2025 the Department of Veteran Affairs denied the administrative claim (Exhibit 3) and therefore this suit is subsequently filed timely under both the FTCA and Missouri law. In accordance with Missouri law, the affidavit(s) of meritorious cause by counsel is attached. (Exh. 4).

VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. §1402(a) and (b) as Plaintiff is and was at all relevant times a resident of this Judicial District and the events herein occurred in this District, and jurisdiction is proper pursuant to 28 U.S.C. §1346

ALLEGATIONS COMMON TO ALL COUNTS

4. At all times relevant hereto, Heinrich John Bauer["Bauer"] was an honorably discharged veteran of the United States Military.

5. Heinrich Bauer died on or about August 16, 2024, and is survived by his natural daughter Karrie Bauer who is the rightful Class I beneficiary entitled to bring this case pursuant to the Missouri Wrongful Death Act, 537.080 et seq. RSMo.

6. At all times relevant hereto, the federal government through its agency Department of Veteran Affairs ["V.A."] did own, control, manage or operate a medical center and hospital in St. Louis, Missouri, known as "John Cochran Veterans Affairs Medical Center" ["Cochran VAMC"], and did employ physicians, nurses and other licensed medical professionals to practice medicine and/or their health-care related professions, and did hold itself out to the public and to Bauer as providing qualified medical, radiology and expert hospital services.

7. At all times relevant hereto, Cochran VAMC, was a part of the U.S. federal government and was a "Federal Agency" as defined in 28 U.S.C. §2671, et seq., and said

Hospital and each individual defendant herein named was acting within the scope of its agency or employment by the United States.

8. At all times relevant hereto Plaintiff had presented at and was accepted and was being treated as a patient at Cochran VAMC and a healthcare-provider-patient relationship existed between the hospital and individual employees or agents of the VAMC and Plaintiff, and Defendant and each provider owed to Plaintiff's decedent the duty to provide hospital, nursing, medical and/or surgical care, assessment and evaluation with the skill and care of a reasonable physician or other health-care professional in the same or similar circumstances, and Cochran VAMC had the duty to provide such qualified and competent health care professionals and care.

9. At all relevant times, Defendant UNITED STATES OF AMERICA acted by and through Cochran VAMC and its actual and apparent agents and employees, including its physicians, administrators, nurses, technicians, social workers, aides, and including, but not limited to, each of the individual physicians treating decedent Bauer, and did hold each of said care providers out as its employee or agent, both by express statement and/or by action and uniform or insignia, and Bauer did rely upon such representations.

10. On or about August 16, 2024 veteran Heinrich Bauer underwent a procedure by the interventional radiology providers, including specifically a resident physician Nicholas Maynard, MD, at Cochran VAMC intended to obtain a needle biopsy of a mass in his lung.

11. On that same date, during the interventional procedure, an artery was struck and damaged by the VAMC medical providers causing internal bleeding into the lung.

12. On that same date and during the interventional procedure, the interventional radiology team members, each and collectively, failed to identify the location of the injured

artery or bleed, and failed to block or stop the blood flow to that injured vessel, and when they knew or should have known that the bleed continued, ceased their efforts and transferred the veteran to the ICU.

13. The medical providers involved in this veteran's care at the Cochran VAMC included employees of the VA and persons for whom the USA is specifically liable as set out in both the FTCA 28 U.S.C. 2679(b-d) and in the VHA Handbook 1400.08(1) "Education of Associated Health Professionals" which in particular states:

> a. The government is liable, under the 28 U.S.C. 2679 (b)-(d), for malpractice claims involving trainees who were acting within the scope of their educational program at a VA health care facility. Trainees in both VA-sponsored and affiliate-sponsored programs are covered for malpractice claims under these acts.

14. The Cochran VAMC nurses or other health care providers in the ICU quickly identified that this patient's lungs were filling with blood and Bauer was transferred again to the Interventional Radiology group who eventually identified the location of the bleed, but failed to timely embolize or otherwise stop the bleed or stabilize the patient before the veteran coded and died from the effects of excessive bleed into his lung.

15. Prior to and up to the time of his presentation to the Cochran VAMC, Heinrich Bauer was, and had been, living independently, was still driving, engaged in family activities, and performing his own "activities of daily living."

16. Defendant USA, by and through its employees and agents acting in the course and scope of their employment and duties, committed one or more of the following negligent acts

or omissions:

a. Defendant failed to properly assess and provide adequate assistance to Heinrich Bauer while under care of the Interventional Radiology providers;

b. Defendant failed to properly assess the operative radiology images which indicated the location and features of the damaged artery;

c. Defendant failed to provide timely and proper evaluation, support and/or care to this patient when a known bleed occurred during a lung needle biopsy procedure;

d. Defendant failed to properly or adequately perform an embolism or other procedure to stop the bleed into this veteran's lung;

e. Defendant failed to timely follow and/or provide support for this patient when transferred to the ICU;

f. Defendant failed to provide sufficient and proper code treatment or life support care upon Bauer's return to Interventional Radiology;

g. Defendant allowed this veteran's lung to fill with blood from a wound caused by the VAMC providers;

h. Defendant transferred this patient to the ICU when he was unstable or otherwise when Defendant knew or should have known he had an uncontrolled bleed into his lung, and that the ICU staff was not equipped to cure or treat such an injury;

i. Defendant failed to have available or failed to timely obtain an adequately skilled medical provider to read the imaging from the biopsy attempt or its sequella;

j. Defendant failed to have available, or failed to timely obtain, an adequately skilled medical provider to identify and/or embolize the bleeding vessel;

k. Defendant conducted a confused and/or disorganized Code, and failed to document an adequate attempt to save or revive this patient;

l. Defendant failed to properly and adequately supervise the resident and/or trainee during the interventional procedures;

m. Defendant failed to properly and adequately supervise or manage the interventional radiology operating room and procedures;

n. Defendant punctured or damaged a significant artery during a mass biopsy, or failed to supervise the resident sufficiently to avoid such damage.

17. As a direct and proximate result of one or more of the negligent and careless acts or omissions aforesaid, Veteran Heinrich John Bauer was caused to suffered injuries to his body and the muscles, nerves and tissues thereof, including but not limited to uncontrolled bleeding into his lung, respiratory arrest, cardiac arrest, and death, and was caused to experience desperate attempts to breathe, and to suffer the mental anguish of impending death.

18. As a further direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, and of the death of Plaintiff's decedent Heinrich Bauer, Plaintiff and the statutory beneficiaries under the Missouri Wrongful Death Act have suffered extreme loss, anguish, and suffering; have expended sums for wrapping up the affairs of decedent's life; have lost the enjoyment of decedent's company, attention, guidance, care, protection, training, affection, love, advice, companionship and counsel, as well as the pecuniary value of decedent's life and loss of the economic and financial contributions of decedent. Plaintiff and the next of kin have suffered all of the damages and loss permitted by the Missouri Wrongful Death Act.

WHEREFORE, for the reasons set out above, Plaintiff Karrie Bauer, as the Surviving

natural daughter of Heinrich John Bauer (deceased) prays this Court enter judgment in favor of her in an amount fair and sufficient to compensate for their loss and damages, for and amount fair and sufficient to compensate for the pain and suffering of Veteran Heinrich Bauer prior to his death, for costs of litigation, and for all other damages for wrongful death under Missouri law, both general and specific under the Wrongful Death Act, and for such other relief as this Court deems just and proper.

THE LAW OFFICES OF DAVID N. DAMICK

/s/ David Damick
David N. Damick, MBEN 38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorneys for Plaintiff